UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 03-22624-CIV-JORDAN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>BIBAS LEVY CORP., ZACARIAS BIBAS, )<br>and HASSAN SHARAM )<br>)<br>Defendants )<br>_____ ) | **CLOSED CIVIL CASE** |

### FINAL DEFAULT JUDGMENT

The summons and complaint in this action have been duly served upon defendants Bibas Levy Corporation and Zacarias Bibas on November 25, 2003, and upon defendant Hassan Sharam on October 15, 2003, and the defendants have defaulted for failure to answer or respond. Accordingly, pursuant to Rule 55(b)(2), the motion for default judgment filed by the Commodity Futures Trading Commission [D.E. 30] is GRANTED, and it is hereby ORDERED and ADJUDGED that

(a) Bibas Levy Corp., Zacarias Bibas, and Hassan Sharam (the defendants), or any successor thereof, are hereby permanently enjoined from engaging in conduct violating Section 4b(a)(2)(i) and (iii) of the Commodity Exchange Act, as amended by the Commodity Futures Modernization Act of 2000, Appendix E of Pub. L. No. 106-554, 114 Stat. 2763, 7 U.S.C. § 6b(a)(2)(i) and (iii) (2001), and Section 1.1(b)(1) and (3) of the Commission Regulations, 17 C.F.R. § 1.1(b)(1) and (3) (2003), as alleged in the complaint, and from engaging in any activity relating to commodity interest trading including, but not limited to, soliciting, accepting or receiving funds, revenue or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase and sale of any commodity futures or options on commodity futures contracts; and

(b) Any person insofar as he or she is acting in the capacity of agent, servant, employee, successor, assign, or attorney of the defendants, and upon any person who receives



actual notice of this order by personal service or otherwise insofar as he or she is acting in active concert or participation with the defendants, are enjoined from violating the injunctive provisions of the court's order.

It is further ORDERED and ADJUDGED that the CFTC shall recover of the defendants, or any successor thereof, jointly and severally, the following sums for which let execution issue:

    (c)    $351,686 in restitution; which, when paid, will be distributed pro rata by the CFTC to the customers set forth in Appendix 3 of Exhibit B to the motion for default judgment [D.E. 30];

    (d)    $100,013.50 in disgorged ill-gotten gains; and

    (e)    $120,000 in civil monetary penalties.[1]

This case is CLOSED. Any and all pending motions are DENIED AS MOOT.

DONE and ORDERED in chambers in Miami, Florida, this 16th day of April, 2004.

                                                */s/ Adalberto Jordan*
                                                Adalberto Jordan
                                                United States District Judge

Copy to:    All counsel of record
                Zacarias Bibas, c/o Anna Montoya, 445 NW 4th Street, Miami, Florida, 33128
                Hassan Sharam, *pro se*, 305-675-2342 (fax)
                Magistrate Judge Brown

---

[1] The CFTC has not indicated in its motion what interest rate should be used, and has not provided interest calculations for each of the customers' losses, or for the ill-gotten gains. If the CFTC wishes to file a motion to alter or amend the judgment with these calculations, it is free to do so.